Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHEENA RAFFIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>**PLAINTIFF,**<br><br>VS.<br><br>**MEDICREDIT, INC., THE OUTSOURCE GROUP, INC.**<br><br>**Defendants**<br>Defendant. | **Case No  2:15-cv-04912-MWF-PJW**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S AMENDED NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Assigned to the Hon.. Michael W. Fitzgerald<br><br>**DATE:    MAY 14, 2018**<br>**TIME:    10:00 AM**<br>**COURTROOM: 5A** |

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that on Monday, May 14, 2018 at 10:00 a.m.,

3  before the United States District Court, Central District of California, Courtroom

4  5A, 350 W. 1st Street, Los Angeles, California 90012 (5th Floor) plaintiff Sheena

5  Raffin ("Plaintiff") will move this Court for an order granting preliminary approval

6  of the class action settlement and certification of the settlement class as detailed in

7  Plaintiff's Memorandum of Points and Authorities.

8      This Motion is based upon this Notice, the accompanying Memorandum of

9  Points and Authorities, the declarations and exhibits thereto, the Complaint, all

10 other pleadings and papers on file in this action, and upon such other evidence and

11 arguments as may be presented at the hearing on this matter.

12

13 Date: April 16, 2018                    **The Law Offices of Todd M.**
14                                         **Friedman, PC**

15                                         By:  _/s/ Todd M. Friedman_
16                                             Todd M. Friedman
17                                             *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-3

Plaintiff's counsel certifies that prior to filing the instant motion, the parties, through counsel, met and conferred pertaining to the subject matter of the instant motion. Defendants do not oppose this motion.

Date: April 16, 2018

The Law Offices of Todd M. Friedman, PC

By: */s/ Todd M. Friedman*
Todd M. Friedman
*Attorneys for Plaintiffs*

1

# TABLE OF CONTENTS

2

I. INTRODUCTION.................................................................1

3

II. STATEMENT OF FACTS ...................................................3

4

    A. Factual Background ....................................................3

5

    B. Proceedings to Date ...................................................3

6

7

    C. Statement of Facts ......................................................5

8

        1. The Settlement Class .............................................5

9

            a. The Settlement Class.......................................5

10

        2. Settlement Payment ...............................................5

11

        3. Monetary Benefit to Class Members and Class Notice ..............6

12

        4. Injunctive Relief Benefit to Class Members ....................7

13

        5. Scope of Release ....................................................7

14

        6. Opportunity to Opt Out and Object................................8

15

        7. Payment of Notice and Administrative Costs.............................8

16

        8. Class Representative's Application for Incentive Award ..........8

17

        9. Class Counsel's Application for Attorneys' Fees, Costs and
            Expenses .................................................................9

18

19

        10. Cy Pres Distribution.............................................9

20

III. ARGUMENT......................................................................9

21

    A. The Legal Standards for Preliminary Approval of a Class Action

22

        Settlement.............................................................9

23

    B. Liability is Highly Contested and Both Sides Face Significant

24

        Challenges in Litigating this Case ...............................12

25

    C. Defendant's Agreement to Finance the Common Benefit Fund

26

        Provides a Fair and Substantial Benefit to the Class .............13

27

    D. The Settlement was Reached as the Result of Arms-Length

28

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

i

Negotiation, Without Collusion, with the Assistance of the Mediator ................................................................................13

E. Experienced Counsel Have Determined that the Settlement is Appropriate and Fair to the Class ....................................13

F. The Court Should Preliminarily Certify the Class for Purposes of Settlement .................................................................14

G. The Proposed Class is Numerous ...........................................14

H. The Commonality Requirement is Satisfied, Because Common Questions of Law and Fact Exist. ......................................14

I. The Typicality Requirement is Met. ........................................15

J. The Adequacy Requirement is Satisfied. ................................15

K. Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes Only. ..............................................16

L. Class Treatment for Settlement Purposes is Superior to Individual Resolutions. ..........................................................17

M. The Proposed Class Notice is Consistent with Ninth Circuit Requirements and Provides Adequate Notice for Claims, Objections and Opt Outs. ....................................................18

N. The Court Should Preliminarily Certify the Class for Purposes of Settlement .................................................................21

O. The Court Should Appoint Epiq Systems, Inc. as the Settlement Administrator ...........................................................21

P. Final Approval Hearing Should be Scheduled ........................22

IV. CONCLUSION .................................................................................22

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

ii

1

## **Table of Authorities**

2

**Cases**

3   *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591 (1997)..........................................22

4   *Barani v. Wells Fargo Bank, N.A.*, 2014 WL 1389329 (S.D. Cal. Apr. 9, 2014) ...24

5   *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)...........................14

6   *Chen v. Allstate Insurance Co.*, 819 F.3d 1136 (9th Cir. 2016) ...........................4, 6

7   *Elkins v. Equitable Life Ins. of Iowa*, 1998 WL 133741 (M.D. Fla. Jan. 27, 1998)22

8   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ................... passim

9   *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir.

10      1964)...........................................................................................................18

11   *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200 (S.D.N.Y.

12      1995)...........................................................................................................14

13   *Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal.1988) ........................................15

14   *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978)................25

15   *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)................14

16   *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal. May 29,

17      2012)...........................................................................................................23

18   Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,

19      244 F.3d 1152 (9th Cir. 2001)....................................................................20

20   *Luna v. Shac*, 122 F.Supp.3d 936 (N.D. Cal. 2015) ..............................................16

21   *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)...................22

22   *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982)…14

23   *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F.

24      Supp. 364, 372 (E.D. Pa. 1970).................................................................15

25   *Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274679 (C.D. Cal. Nov. 13,

26      2012)...........................................................................................................22

27   *Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994).....................................................22

28

*Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688 (M.D. Fla. 2005) .............22

*Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370 (9th Cir. 1993).......................24

*Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989)....................................................................................................13

*Valentino v. Carter-Wallace*, 97 F.3d 1227 (9th Cir. 1996)...................................20

*Wehner v. Syntex Corp.*, 117 F.R.D. 641 (N.D. Cal. 1987)....................................19

*West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971)....................14

*Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) .17, 18, 20

Zincser v. Accufix Research Institute, Inc*., 253 F.3d 1188 (9th Cir. 2001)*...........20

## Statutes

28 U.S.C. § 1715.............................................................................2, 6, 11, 25

California Civil Code § 1542................................................................10

Fed. R. Civ. Proc. 23(e) ...................................................................12

Federal Rule of Civil Procedure 23(b)(3)........................................ passim

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*...................... passim

## Other Authorities

*Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004)...................13

*Moore's Federal Practice – Civil* § 23.165[3] (3d ed.)..........................................14

*Newberg on Class Actions* § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004)........................................................................................13

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

iv

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Plaintiff Sheena Raffin (hereinafter "Plaintiff", "Raffin" or "Class Representative"), individually and on behalf of the "Settlement Class" (as defined below), hereby submits this motion for preliminary approval of a proposed settlement of this action (the "Litigation") and of certification of the proposed settlement class. Defendants Medicredit, Inc. and the Outsource Group, Inc. (hereinafter referred to as "Medicredit" or "Defendants") do not oppose Plaintiff's motion (Plaintiff and Defendants shall collectively be referred to as the "Parties"). The terms of the Settlement are set forth in the Settlement Agreement and Release (hereinafter the "Settlement").[1] *See Declaration of Todd M. Friedman* (*"Friedman Decl."*), ¶ 13, Ex. A.

The proposed Settlement resulted from the Parties' participation in an all-day mediation session before the Honorable Layne Phillips (Ret.) of Phillips ADR and subsequent settlement discussions.  The Settlement provides for a substantial financial benefit to the Class Members.  The Settlement Class consists of all persons who received telephone calls from Medicredit between June 29, 2014 and February 26, 2015, (the "Class Period"), while physically present in California and using a cellular device with a California area code, and who participated for the first time in a call with a Medicredit agent during that period.  The Settlement Class comprises approximately 11,000 individuals. T

The compromise Settlement reached with the guidance of Judge Phillips will create a Settlement Fund to be established by Defendant in the amount of $5,000,000.  The amount of the Settlement Fund shall not be reduced as a result of any member(s) of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason.  The Settlement Fund will pay for a Settlement

---

[1]   Unless otherwise specified, capitalized terms used in this memorandum are intended to have the same meaning ascribed to those terms in the Agreement.

Administrator, Epiq Systems, Inc., which will be responsible for providing notice to the Settlement Class, providing notice of this proposed settlement pursuant to and in accordance with 28 U.S.C. § 1715 (the "Class Action Fairness Act" or "CAFA") (at Medicredit's election), providing and disbursing settlement checks to Class Members who submit a claim form and who do not opt-out, creating and maintaining a Settlement Website, maintaining a toll-free telephone number, preparing an Opt-Out List, preparing a list of persons submitting objections to the settlement and acting as a liaison between Class Members and the Parties regarding the settlement. Settlement members who submit a timely and valid Claim Form and do not opt-out will receive a pro rata share of the Settlement Fund in the form of a check (after any attorneys' fees and costs awarded by the Court, any Service Award to Class Representative, and any costs of claims administration are deducted from the Settlement Fund). Plaintiff Sheena Raffin will receive a Service Award of $15,000.00 (subject to Court approval) for bringing and litigating this action. Class Counsel will request an attorneys' fee reimbursement award of $ (i.e., 33% of the total settlement amount) and litigation costs (not to exceed $250,000), subject to Court approval, to be paid out of the Settlement Fund. Any unclaimed funds from uncashed settlement checks, including settlement checks to Class Members who submit valid claim forms but whose current valid address could not be determined shall be delivered to a *cy pres* recipient. This *cy pres* payment from the Settlement Fund is after all settlement costs and direct payments to the Settlement Class are paid.

In consideration for the Settlement Fund, Plaintiff, on behalf of the proposed Settlement Class (the "Class"), will dismiss the Litigation and unconditionally release and discharge Defendants and other Released Parties from all claims relating to the Litigation.

While Plaintiff is confident of a favorable determination on the merits, she has determined that the proposed Settlement provides significant benefits to the

Settlement Class and is in the best interests of the Settlement Class.  Plaintiff also believes that the Settlement is appropriate because Plaintiff recognizes the expense and amount of time required to continue to pursue the Litigation, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims. Similarly, as evidenced by the Settlement, Medicredit believes that it has substantial and meritorious defenses to Plaintiff's claims, but has determined that it is desirable to settle the Litigation on the terms set forth in the Settlement.

Plaintiff believes that the proposed Settlement satisfies all of the criteria for preliminary approval.  Accordingly, Plaintiff moves this Court for an order preliminarily approving the proposed Settlement, provisionally certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule 23(b)(3)") and Rule 23(e) for settlement purposes, directing dissemination of Class Notice, and scheduling a Final Approval Hearing.

## II. STATEMENT OF FACTS

### A. Factual Background

Medicredit is a corporation who engages in the business of collecting debts. The Outsource Group is the parent corporation of Medicredit.  Plaintiff's operative Complaint alleges that Medicredit violated The California Invasion of Privacy Act, Cal. Penal Code § 630 et seq. ("IPA") during every debt collection call, by recording consumers' communications without telling them they are doing so at the outset of the conversation.  Plaintiff contends she and the Class are entitled to statutory damages pursuant to the IPA.  Defendants have vigorously denied and continue to deny that they violated the IPA, and deny all charges of wrongdoing or liability asserted against them in the Action.

### B. Proceedings to Date

Plaintiff's Complaint was filed on June 29, 2015, alleging violations of the IPA.  Plaintiff's claims stemmed from a recorded phone call made by Defendants that took place on or about January 9, 2015.  The Parties engaged in written

discovery.  Defendants produced all policies and procedures relating to recording practices, advisory practices, training for representatives, call scripts, and IVR automated messages, as well as all documents relating to Plaintiff's collections file.

Plaintiff moved to compel further production of documents comprising of two categories: 1) the outbound dial list showing all recorded calls placed by Defendants; and 2) recordings of California area code calls with Defendants between July 1, 2014 and July 31, 2015.  The Court ordered these call list and a small sample of recordings be produced.[2]   Plaintiff filed for Certification on May 27, 2016.  During the pendency of certification, the Parties attended mediation which was unsuccessful.  Thereafter, the Class was certified.  The matter was reassigned to Hon. Michael W. Fitzgerald on January 9, 2017.

Defendants then sought an appeal under Rule 23(f), premised largely on *Maghen v. Quicken Loans Inc.*, 680 F. App'x 554 (9th Cir. 2017), which was denied by the Ninth Circuit.  Thereafter both sides filed of several Motions to be heard by this Honorable Court including:
> Defendants' Motion for Summary Judgment
> Plaintiff's Motion for Summary Judgment
> Defendants' Motion for Judgment on the Pleadings
> Plaintiff's Motion to Strike Defendants' new evidence
> Plaintiff's Motion for Approval of Class Notice Plan
> Defendants' Motion to Decertify the Class

These Motions were all scheduled to be heard on December 12, 2017 but the parties agreed to mediate the case, and stay any hearing pending mediation.

The Parties attended a second mediation with the Hon. Layne Phillips, Ret. of Phillips ADR on February 16, 2018.  The Parties did not resolve the case at the mediation on February 16, 2018, but subsequently resolved the matter shortly thereafter via Judge Phillips.  Through his guidance, this Settlement was reached. *See Friedman Decl*, ¶ 17.  As set forth below, Plaintiff respectfully requests that the Court approve the Settlement.

## C.  Statement of Facts

### 1.  The Settlement Class

#### a.  The Settlement Class

The "Settlement Class" is defined in the Agreement as follows:

*"All persons who received telephone calls from Medicredit between June 29, 2014 and February 26, 2015, while physically present in California and using a cellular device with a California area code, and who participated for the first time in a call with a Medicredit agent during that period ."* (Agreement § 2.1)

Based on data by Medicredit and its counsel, the number of unique cell phone numbers called is approximately 11,000.  This data was confirmed by Plaintiff via voluminous discovery.

### 2.  *Settlement Payment*

Under the Proposed Settlement, Defendants agree to establish a Settlement Fund in the amount of $5,000,000 (Agreement § 4.1, p. 4) in order to fund the following:

(1) providing notice to Class Members; (2) providing settlement checks to Class Members entitled to receive a settlement check; (3) creating and maintaining the Settlement Website; (4) maintaining a toll-free telephone number; (5) providing CAFA notice (Agreement § 8.3, p. 8) (6) to pay the proposed $15,000 Service Award to the Plaintiff (Agreement § 7, p.8); and (7) payment of the proposed Attorneys' Fees of $1,650,000 (33% of the Settlement Fund) and litigation costs of up to $250,000 (Agreement § 6, p. 8). *See Friedman Decl*, ¶¶ 34-40.  Any funds remaining after payment of all settlement costs and Payments to the Settlement Class shall be paid to a recipient to be selected by the Court.  Plaintiff proposes the Public Justice Foundation.  (Agreement § 15.6, p.16.)    Defendants propose [the Legal Aid Association of California, with the funds earmarked to support consumer privacy protections.]

1  The amount of the Settlement Fund shall not be reduced as a result of any
2  member(s) of the Settlement Class electing to opt out or be excluded from the
3  Settlement or for any other reason. (Agreement § 4.4, p. 7.)

4  ### 3.  **Monetary Benefit to Class Members and Class Notice**

5  The Settlement Agreement provides for $5,000,000 in cash benefits (minus
6  Settlement Costs, attorney's fees, and litigation costs) to Class Members on a pro
7  rata basis after the claims period.  There are approximately 11,000 Class Members
8  with unique cell phone numbers were called by Medicredit.   The Claims
9  Administrator will provide notice first via First Class U.S. Mail within 30 days of
10  the Preliminary Approval Order.  (Agreement § 9.1.4, p. 9.)  Claims Forms will also
11  be available on the Settlement Website and online Claim Forms.  The Settlement
12  Website will be maintained for at least 180 days.  (Agreement § 9.2.2, p. 10).  There
13  will be Publication Notice and banner advertising on the Internet.  (Agreement § 9.3,
14  p. 10).

15  The Claims Period will commence after the entry of the Preliminary Approval
16  Order and this Claims Period will remain open to all Class Members to: submit a
17  Claim by the last date of the 90-day "Claim Period", which will be 120 days
18  following entry for the Preliminary Approval Order.  (Agreement § 10.2.1, p. 11);
19  Class Members who Opt Out, must postmark before the Objection Deadline, which
20  will be 130 days following entry for the Preliminary Approval Order (Agreement §
21  11.1, pp. 11-12); and the deadline to Opt Out and Object will also be 130 days
22  following entry for the Preliminary Approval Order (Agreement § 12.1, pp. 12-13).

23  The Class Members who file a Claims Form and do not Opt Out and/or Object
24  will each receive a pro-rata share.  After fees, costs and administration expenses, it
25  is estimate there will be approximately $2,918,333.34 for the Settlement Class to be
26  distributed pro-rata. If each and every 11,000 Class Member filed a Claims Form
27  and did not Opt Out or Object, then they would receive approximately $280.00. If
28  6,000 Class Members filed Claims Forms, they would receive approximately

$514.00 each.  If 2,500 Class Members filed Claims Forms, they would receive approximately $1234 each.

### 4.   Injunctive Relief Benefit to Class Members

In addition to the monetary component of the Settlement, Defendants have also agreed to an injunctive relief component as well, which is aligned with the class Certification Order pursuant to Rule 23(b)(2).  Specifically, Medicredit has agreed to add a notation to scripts used for training its collections agents that states "Please be mindful of the importance of California Penal Code §§ 630 et seq., pursuant to which you should notify callers located in California that the call is being recorded as soon as you have complied with the FDCPA requirements of asking for the debtor and identifying yourself as a Medicredit employee.  This notification should be given within the first 30 seconds of the call."[3]

### 5.   Scope of Release

The scope of the release by all Settlement Class Members who do not request exclusion includes any and all claims against the Released Parties arising out of the recording phone calls by Medicredit to mobile phone numbers during the Class Period. (Agreement §§ 1.25, 1.26, 1.27 and 16, pp. 4 and 16).  The release covers known and unknown claims in connection with the Medicredit phone calls during the Class Period.  There is a release of unknown claims pursuant to California Civil Code § 1542 insofar as the claims relate to the subject matter of this Action, i.e. the recording of telephone calls to cell phone subscribers by Medicredit.     Friedman Decl. Ex. A at § 16.2.

///

### 6.   Opportunity to Opt Out and Object

---

[3] Plaintiff's position is that the revised scripts represent a material improvement from the scripts used during the Class Period, and thus represent a significant improvement to consumer privacy, and a significant non-monetary benefit to the Settlement Class Members, who could very easily be called by Medicredit in the future about other debts.

As explained before, Class Members who Opt Out, must postmark before the Objection Deadline, which will be 130 days following entry for the Preliminary Approval Order (Agreement § 11, pp. 11-12); and the deadline to Opt Out and Object will also be 130 days following entry for the Preliminary Approval Order (Agreement § 12, pp. 12-13).  Any Settlement Class Member who does not opt out and objects to the proposed settlement must mail his or her objection(s) in writing to the Court. To be considered timely, an Objection must be postmarked on or before the Opt-Out and Objection Deadline specified on the Settlement Website, which will be 130 days following entry for the Preliminary Approval Order. (Id.) Any Objection must set for the name and case number of this matter, the objecting Settlement Class Member's name, address, telephone number and all arguments, citations and evidence supporting the objection.  Furthermore, the Objection shall include: whether the objector intends to appear at the hearing, with or without counsel; the name and case number of any other proposed class action settlement the Settlement Class Member submitted an objection to; and whether any such objection was submitted on the Settlement Class Member's behalf or on behalf of a represented third party.  (Id.)

### 7.    Payment of Notice and Administrative Costs

After final judgment is issued, Medicredit will make a single payment of $5,000,000 into an escrow account held by the Settlement Administrator. (Agreement § 4, pp. 6-7).  The Settlement Administrator will use these funds to administer all costs of the settlement, including providing Class Notice, providing CAFA notice, maintaining the website and toll free number and arranging for payments to Class Members.  (Id.)  The funds shall also be used to cover Attorneys' Fee Award to Class Counsel and the Service Award to plaintiff Sheena Raffin.  (Id.)

### 8.    Class Representative's Application for Service Award

The proposed Settlement contemplates that Class Counsel will request a Service Award in the amount of $15,000 to be distributed to the Class

Representative, subject to Court approval.  Medicredit has agreed not to oppose the request as long as it is not greater than $15,000.  (Agreement § 7, p. 8).

### 9.   Class Counsel's Application for Attorneys' Fees, Costs and Expenses

The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees in the amount of $1,650,000 (33% of the Settlement Fund) and litigation costs of less than $250,000. (Agreement § 6, p. 8.   Pursuant to the proposed Settlement, Medicredit will not oppose the application, as long as it does not exceed this stated amount. (*Id.*)

### 10.   Cy Pres Distribution.

Under the proposed Settlement, any funds remaining after payment of all settlement costs and Payments to the Settlement Class shall be paid to a *cy pres* recipient.   (Agreement § 15.6, p.16).   Plaintiff proposes The Public Justice Foundation.  Defendants propose the Legal Aid Association of California, with the funds earmarked to support consumer privacy protections.    Since, the distribution is pro-rata for those who file Claims Forms, this *cy pres* distribution is not expected to be substantial.

## III.   ARGUMENT

### A.   The Legal Standards for Preliminary Approval of a Class Action Settlement

A class action may not be dismissed, compromised or settled without the approval of the court. Fed. R. Civ. Proc. 23(e).  Judicial proceedings under Rule 23 have led to a defined procedure and specific criteria for settlement approval in class action settlements, described in the *Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) ("*Manual*") § 21.63, *et seq.*, including preliminary approval, dissemination of notice to class members, and a fairness hearing.  *Manual*, §§ 21.632, 21.633, 21.634. The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness," and

thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile.  *See* 4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and Supp. 2004) ("*Newberg*").   The Court is not required to undertake an in-depth consideration of the relevant factors for final approval. Instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Manual*, § 21.632 (4th ed. 2004).

As a matter of public policy, settlement is a strongly favored method for resolving disputes. *See Utility Reform Project v. Bonneville Power Admin*., 869 F.2d 437, 443 (9th Cir. 1989).  This is especially true in class actions such as this.  *See Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982).  As a result, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd. Partnerships Litig*., 163 F.R.D. 200, 209 (S.D.N.Y. 1995).   To make the preliminary fairness determination, courts may consider several relevant factors, including "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; [and] the experience and views of counsel . . . ."  *See Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998) ("*Hanlon*"). Furthermore, courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all

1    concerned." *Id.* at 1027.

2        Preliminary approval does not require the Court to make a final determination

3    that the settlement is fair, reasonable, and adequate.  Rather, that decision is made

4    only at the final approval stage, after notice of the settlement has been given to the

5    class members and they have had an opportunity to voice their views of the

6    settlement or to exclude themselves from the settlement.  *See* 5 James Wm. Moore,

7    *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.).   Thus, in considering a

8    potential settlement, the Court need not reach any ultimate conclusions on the issues

9    of fact and law which underlie the merits of the dispute, *West Va. v. Chas. Pfizer &*

10   *Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits,

11   *Officers for Justice v. Civil Service Comm'n,* 688 F.2d at 625.  Preliminary approval

12   is merely the prerequisite to giving notice so that "the proposed settlement . . . may

13   be submitted to members of the prospective class for their acceptance or rejection."

14   *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp.

15   364, 372 (E.D. Pa. 1970).

16       Preliminary approval of the settlement should be granted if, as here, there are

17   no "reservations about the settlement, such as unduly preferential treatment of class

18   representatives or segments of the class, inadequate compensation or harms to the

19   classes, the need for subclasses, or excessive compensation for attorneys." *Manual*

20   *for Complex Litigation* § 21.632, at 321 (4th ed. 2004).

21        Furthermore, the opinion of experienced counsel supporting the settlement is

22   entitled to considerable weight.  *See., e.g.*, *Kirkorian v. Borelli*, 695 F.Supp. 446

23   (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the

24   court's determination of the reasonableness of the settlement); *Boyd v. Bechtel*

25   *Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs'

26   counsel should be given a presumption of reasonableness).

27       The decision to approve or reject a proposed settlement "is committed to the

28   sound discretion of the trial judge[.]" *See Hanlon*, 150 F.3d at 1026. This discretion

1  is to be exercised "in light of the strong judicial policy that favors settlements,
2  particularly where complex class action litigation is concerned," which minimizes
3  substantial litigation expenses for both sides and conserves judicial resources. *See*
4  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations
5  omitted).

6      Based on these standards, Plaintiff respectfully submits that, for the reasons
7  detailed below, the Court should preliminarily approve the proposed Settlement as
8  fair, reasonable and adequate.

9      **B.  <u>Liability is Highly Contested and Both Sides Face Significant</u>**
10     **<u>Challenges in Litigating this Case</u>**

11     Defendant Medicredit has vigorously contested the claims asserted by
12 Plaintiff in this Litigation, as evidenced the volume of Motions to Dismiss,
13 Summary Judgment and Motions to Decertify the class in this matter, which has
14 been in litigation for approximately three years.  While both sides strongly believed
15 in the merits of their respective cases, there are risks to both sides in continuing the
16 Litigation. *See Friedman Decl*, ¶¶ 49-53.   In considering the Settlement, Plaintiff
17 and Class Counsel carefully balanced the risks of continuing to engage in protracted
18 and contentious litigation against the benefits to the Class.  As a result, Class
19 Counsel supports the Settlement and seek its Preliminary Approval. *See Friedman*
20 *Decl*, ¶¶ 49-53.

21     Similarly, Medicredit believes that it has strong and meritorious defenses not
22 only to the action as a whole, but also as to class certification and the amount of
23 damages sought.

24     The negotiated Settlement reflects a compromise between avoiding that risk
25 and the risk that the class might not recover.  Because of the costs, risks to both
26 sides, and delays of continued litigation, the Settlement presents a fair and
27 reasonable alternative to continuing to pursue the Litigation.

28

**C.**   **Defendants' Agreement to Finance the Common Benefit Fund Provides a Fair and Substantial Benefit to the Class**

As set forth above, Defendants have agreed to pay $5,000,000 to fund the settlement, which includes notice and claims administration costs, creating and maintaining a Settlement Website and toll free number, providing CAFA notice, an Service Award to Plaintiff Sheena Raffin in the amount of $15,000 and attorneys' fees in the amount of $1,650,000 and reimbursement of litigation costs of up to $250,000 (actual costs to date are approximately $125,000). *See Friedman Decl*, ¶¶ 28-30.

**D.**   **The Settlement was Reached as the Result of Arms-Length Negotiation, Without Collusion, with the Assistance of the Mediator**

The proposed Settlement is the result of intensive arms-length negotiation, including an all-day mediation session before the Hon. Layne Phillips, Ret. of Phillips ADR. on February 16, 2018.  The Parties did not resolve the case at the mediation on February 16, 2018, but subsequently resolved the matter shortly thereafter with the assistance of Judge Phillips. *See Friedman Decl*, ¶¶ 17-19.  Class Counsel are satisfied that the information provided about the number of cell phones called and recorded is accurate, as it was authenticated via discovery.  The time and effort spent examining and investigating the claims militate in favor of preliminary approval of the proposed Settlement, as the process strongly indicates that there was no collusion.  *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.").

**E.**   **Experienced Counsel Have Determined that the Settlement is Appropriate and Fair to the Class**

The Parties are represented by counsel experienced in complex class action litigation. Class Counsel has extensive experience in class actions, as well as

particular expertise in class actions relating to consumer protection, including actions under the IPA . *See Friedman Decl*, ¶¶ 54-60.  Class Counsel believe that under the circumstances, the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class Members. *See Friedman Decl*, ¶¶ 49-53.

**F.      The Court Should Preliminarily Certify the Class for Purposes of Settlement**

Courts have long acknowledged the propriety of class certification for purposes of a class action settlement. *See In re Wireless Facilities*, 253 F.R.D. at 610 ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes"). Certification of a class for settlement purposes requires a determination that certain requirements of Rule 23 are met.  *Id.*  As explained below, class certification is appropriate here because the Proposed Settlement meets the requirements of Rule 23(a) and Rule 23(b)(3) for settlement purposes.

**G.      The Proposed Class is Numerous.**

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be impracticable.  "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  Here, the Settlement Class consists of approximately 11,000 people that were called by Medicredit during the Class Period. Thus, the proposed Class is sufficiently numerous for purposes of certifying a settlement class.

**H.      The Commonality Requirement is Satisfied, Because Common Questions of Law and Fact Exist.**

The commonality requirement is met if there are questions of law and fact common to the class. *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of

salient facts coupled with disparate legal remedies within the class."). Here, for purposes of settlement, the proposed Class Members' claims stem from the same factual circumstances, specifically that Medicredit allegedly placed cellular telephone calls to class members and allegedly did not timely inform them that the calls were being recorded.

Plaintiff's claims also present questions of law that are common to all members of the Class for settlement purposes, including: (1) whether Medicredit violated the IPA; and (2) whether Medicredit's consumers consented to their calls being recorded. The Settlement Class Members all seek the same remedy. Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement class. *See Hanlon,* 150 F. 3d at 1019-20.

## I. The Typicality Requirement is Met.

The typicality requirement is met if the claims of the named representatives are typical of those of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. For purposes of settlement, Plaintiff's claims are typical of the class because they arise from the same factual basis – calls were made to Plaintiff's cell phone and were recorded – and are based on the same legal theory – the calls allegedly violated the IPA. *See Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987). The Class Representative claims that she was contacted by Medicredit on her cellular telephone and that Medicredit did not timely disclose that the call was being recorded. Accordingly, the Class Representative's claims are typical of those of the Settlement Class. Thus, the typicality requirement is satisfied for purposes of certifying a settlement class.

## J. The Adequacy Requirement is Satisfied.

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other

class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)).

Plaintiff and Class Counsel have no conflicts of interest with other Settlement Class Members because, for purposes of the Settlement, Plaintiff's claims are typical of those of other Settlement Class Members. In addition, Plaintiff and Class Counsel have been prosecuting this Litigation vigorously on behalf of the Class. Plaintiff and Settlement Class Members share the common goal of protecting and improving consumer and privacy rights throughout the nation, and there is no conflict among them.  Class Counsel have extensive experience in consumer litigation, including the prosecution of class actions seeking to protect privacy and consumer rights, including IPA actions.  Class Counsel is qualified to represent the interests of the Class. Rule 23(a)(4) is therefore satisfied for purposes of certifying a settlement class.

## K.  **Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes Only.**

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).  The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation." *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1162 (9th Cir. 2001).*  Central to this question is "'the notion that the adjudication of common issues will help achieve judicial economy.'"  *Zincser v. Accufix Research Institute, Inc.*, 253 F.3d 1188, 1189 (9th Cir. 2001) (citation omitted), amended, 273 F. 3d 1266 (9th Cir. 2001).

Here the central inquiry for purposes of the Proposed Settlement is whether Medicredit violated the IPA by calling the cellular phones of Class Members and not timely disclosing that the calls were being recorded. "When common questions

present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

**L.**   **Class Treatment for Settlement Purposes is Superior to Individual Resolutions.**

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alternative methods for adjudicating the parties' claims. Lack of a viable alternative to a class action necessarily means that a class action satisfies the superiority requirement. "[I]f a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163. *See also, Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists").

Consideration of the factors listed in Rule 23(b)(3) supports the conclusion that, for purposes of a settlement class, certification is appropriate. Ordinarily, these factors are (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

However, when a court reviews a class action settlement, the fourth factor does not apply. In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997). "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious . . . ." *Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-

1 | 296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998); *see also Strube*

2 | *v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule

3 | 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of

4 | settlement'") (citation omitted). Here, the Rule 23(b)(3)(A), (B) and (C) factors all

5 | favor class certification:

6 | • Any Settlement Class Member who wishes to pursue a separate action

7 | can opt out of the Settlement.

8 | • The Parties are unaware of any competing litigation regarding claims

9 | at issue.

10 | • Plaintiff believes this forum is appropriate, and Defendants do not

11 | oppose the forum.

12 | **M.    The Proposed Class Notice is Consistent with Ninth Circuit**

13 | **Requirements and Provides Adequate Notice for Claims,**

14 | **Objections and Opt Outs.**

15 | Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the

16 | court must order the "best notice practicable" under the circumstances. Rule

17 | 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received."

18 | *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice need only be given in

19 | a manner "reasonably calculated, under all the circumstances, to apprise interested

20 | parties of the pendency of the action and afford them an opportunity to present their

21 | objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314

22 | (1950). "Adequate notice is critical to court approval of a class settlement under

23 | Rule 23(e)." *Hanlon*, 150 F.3d at 1025.

24 | Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a

25 | reasonable manner to all class members who would be bound by the proposal."

26 | Rule 23(c)(2)(B) also sets forth requirements as to the content of the notice. The

27 | notice must concisely and clearly state in plain, easily understood language: (i) the

28 | nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

18

defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B).

The Settlement Administrator shall disseminate or arrange for the dissemination of Class Notice via postcard in a form materially consistent with Exhibit A to the Agreement.  The Class Notice here satisfies each of the requirements of Rule 23(c)(2)(B) above.  Further, mailed postcard notice has routinely been held to be adequate notice to a Settlement Class.  *See Schaffer v. Litton Loan Servicing, LP*, CV 05-07673 MMM JCX, 2012 WL 10274679, at \*8 (C.D. Cal. Nov. 13, 2012) (approving notice plan where class members were sent postcards that directed them to a settlement website); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS MDD, 2012 WL 1932283, at \*1 (S.D. Cal. May 29, 2012) (final approval of class settlement using postcard notice and settlement website).

The Parties possess records of all the cellular telephone numbers called during the class period.  Medicredit maintains name and address information for many, if not most of these individuals.  For those who for whom a valid address is not maintained by Medicredit, the Settlement Administrator will employ reverse telephone look-up procedures to identify the subscriber names and physical addresses associated with the mobile numbers identified on the Class List.  The Settlement Administrator will run the names and addresses obtained via this process through the National Change of Address (NCOA) database.  To the extent any physical addresses identified through reverse look-up are no longer valid, the Settlement Administrator will send Class Notice to any forwarding addresses that are provided. *See generally Barani v. Wells Fargo Bank, N.A.*, Case No. 12CV2999-GPC KSC, 2014 WL 1389329, at \*10 (S.D. Cal. Apr. 9, 2014) (approving

settlement in TCPA class action using reverse lookup to locate class members).

Further notice will also be provided through the Publication Notice in USA Today (Ex. C to the Agreement) and banner advertisement on the Internet (Agreement § 9.3, p. 8), the Settlement Website, which will contain the Q & A Notice (Ex. B to the Agreement), the Claim Form (Ex. A to the Agreement), the Settlement Agreement, the Preliminary Approval Order, Plaintiff's fee brief and an online submission for Claims Forms.  Further, pursuant to the Agreement "any other materials the Parties agree to include" may be put on the Website. (Agreement § 9.2.2, p. 10).

The notices and settlement documents will be disseminated and posted on the Settlement Website sufficiently prior to the Final Approval Hearing to give Settlement Class Members the opportunity to comment on the Settlement, or to opt out and preserve their rights.  Specifically, Settlement Class Members will have 100 days from the time dissemination of Class Notice has been completed to opt out of the settlement or object. *Cf. Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1374-1375 (9th Cir. 1993) (31 days is more than sufficient, as Class as a whole had notice adequate to flush out whatever objections might reasonably be related to the settlement) (citing *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) (approving timing of notice which was mailed 26 days before the deadline for opting out of the settlement)).  Further, the Settlement Website shall be maintained and accessible to Settlement Class Members during this time and through the conclusion of the settlement proceedings in this case.

This notice program was designed to meaningfully reach the largest number of Settlement Class Members possible.  Since the calls at issue were made within the past couple years and Medicredit has names and addresses correlating with the Settlement Class Members, mailed postcard notice will likely reach most Settlement Class Members.

The concurrent dissemination of the Long Form Class Notice on the

Settlement Website, combined with the Class Notice, satisfies the requirements of due process and constitutes the best notice practicable under the circumstances.

The Settlement Administrator shall prepare and file a declaration prior to the Final Approval Hearing certifying that the notice program has been properly administered in accordance with this Agreement, this Court's Orders, and as described herein.

## N.   The Court Should Preliminarily Certify the Class for Purposes of Settlement.

"[T]wo criteria for determining the adequacy of representation have been recognized. First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). The adequacy of representation requirement is met here.  For settlement purposes, Class Counsel moves for Plaintiff Sheena Raffin to be preliminarily appointed as the Settlement Class Representative.   Class Counsel requests that Todd M. Friedman and Adrian Bacon of The Law Offices of Todd M. Friedman, P.C. preliminarily be appointed as Class Counsel for purposes of the Settlement. Plaintiff's counsel has extensive experience sufficient to be appointed as Class Counsel.   Plaintiff Raffin understands the obligations of serving as a class representative, has adequately represented the interests of the putative class, and has retained experienced counsel.  Plaintiff has no antagonistic or conflicting interests with the Settlement Class, and all members of the Settlement Class are eligible to receive the same benefits.

## O.   The Court Should Appoint Epiq Systems, Inc. as the Settlement Administrator

The proposed Agreement recommends that the Court appoint Epiq Systems, Inc. to serve as the Settlement Administrator. Epiq Systems, Inc. specializes in

providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements.  Defendant does not oppose this request.

### P.   Final Approval Hearing Should be Scheduled

The last step in the settlement approval process is the formal fairness or Final Approval Hearing, at which time the Court will hear all evidence and argument, for and against, the proposed Settlement.  Plaintiff requests that the Court grant preliminary approval of the Settlement and schedule a Final Approval Hearing to be held not before 130 days after the date of entry of the Preliminary Approval Order, in order to allow sufficient time for providing CAFA Notice, the toll-free number and the Settlement Website, and completion of the period for class members to submit exclusion requests and objections.

### IV.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order preliminarily approving the proposed Settlement and certifying a class for settlement purposes.

Date: April 16, 2018                    **The Law Offices of Todd M. Friedman, PC**

By:  _/s/ Todd M. Friedman_
Todd M. Friedman
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

Filed electronically on this 16th day of April, 2018, with:

United States District Court CM/ECF system

Notification sent electronically on this 16th day of April, 2018, to:

Honorable Judge Michael W. Fitzgerald
United States District Court
Central District of California

Maura Kathleen Monaghan
DEBEVOISE & PILMPTON, LLP

s/Todd M. Friedman
        Todd M. Friedman, Esq.