UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 15-4912-MWF (PJWx)                    **Date:  May 11, 2018**
**Title:**      Sheena Raffin v. Medicredit, Inc., et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
|  |  |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: PLAINTIFF'S MOTION FOR
                                                  PRELIMINARY APPROVAL OF CLASS
                                                  SETTLEMENT AND CERTIFICATION OF
                                                  SETTLEMENT CLASS [194]

        Before the Court is Plaintiff's Motion for Preliminary Approval of Class
Settlement and Certification of Settlement Class (the "Motion").  (Docket No. 194).
The Motion is unopposed.

        The Motion is noticed to be heard on **May 14, 2018**.  The Court has read and
considered the papers on the Motion and deems the matter appropriate for decision
without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing is
therefore **VACATED** and removed from the Court's calendar.

        For the reasons set forth below, the Motion is **GRANTED**.  Preliminarily, the
proposed settlement seems substantively and procedurally fair, and the proposed class
meets the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3).  The
Court is skeptical of Plaintiff's counsel's contemplated 33% fee award request and is
unlikely to approve a fee award of much more than 25%, absent Plaintiff's counsel's
provision of detailed billing records indicating that the lodestar amount exceeds 25%.
However, the proposed settlement is otherwise fair and is not contingent upon approval
Plaintiff's counsel's requested award.  Finally, the proposed notice and dissemination
procedure appear effective, and meet the requirements of Federal Rule of Civil
Procedure 23(c).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:        Sheena Raffin v. Medicredit, Inc., et al.

## I.    BACKGROUND

### A.    Factual and Procedural Background

On June 29, 2015, Plaintiff commenced this class action against Defendants Medicredit, Inc., The Outsource Group, Inc. (together "Medicredit" or "Defendants"), and two other defendants that have since been dismissed from the action.  In her operative First Amended Complaint, filed the next day, Plaintiff alleged that Medicredit violated sections 632 and 632.7 of the California Penal Code – provisions of what is commonly referred to as the California Invasion of Privacy Act ("IPA") – when they called her in January 2015 to discuss a debt and failed to disclose that the call was being recorded, and that Medicredit did the same thing to other California residents.  (*See* FAC ¶¶ 16-21, 41-57).  In connection with each of her claims, Plaintiff sought injunctive relief and the greater of statutory damages of $5,000 per violation or treble actual damages for herself and each class member pursuant to Penal Code section 637.2(a).  (*Id.* ¶¶ 59, 60, 67, 69).

On January 3, 2017, the district court (the Honorable George H. King, United States District Judge) granted Plaintiff's motion for class certification with respect to Plaintiff's section 632.7 claim (and not her section 632 claim).  (Docket No. 88).  The court certified the following class:

> All individuals who, from June 29, 2014 to February 26, 2015, while physically present in California and using a cellular device with a California area code, participated for the first time in a telephone conversation with a representative of Defendants or their agents who were recording the conversation without first informing the individual that the conversation was being recorded.

(*Id.*).

Between July and October 2017, after completing discovery, the parties filed six motions:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-4912-MWF (PJWx)                 Date:  May 11, 2018**
**Title:        Sheena Raffin v. Medicredit, Inc., et al.**

- On July 24, 2017, Plaintiff filed a Motion for Approval of Notice of Class Certification (Docket No. 114);

- On July 24, 2017, Medicredit filed a Motion for Summary Judgment (Docket No. 118);

- On July 24, 2017, Plaintiff filed a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Docket No. 120);

- On August 14, 2017, Defendants filed a Motion to Dismiss All Claims under Section 632.7 of the California Penal Code and to Dismiss The Outsource Group, Inc. (Docket No. 131);

- On September 11, 2017, Plaintiff filed a Motion to Strike the Declaration of Amir Afshar-Bakeshloo in support of Defendants' summary judgment motion (Docket No. 135); and

- On October 19, 2017, Defendants filed a Motion to Decertify (Docket No. 168).

On December 4, 2017, after they had filed oppositions and replies (and in one instance, a sur-reply) in connection with each of these motions and shortly before the Court was to hold a hearing on each of the motions, the parties requested, by stipulation, that the Court defer ruling on these six motions pending mediation. (Docket No. 190).  The Court granted that request.  (Docket No. 191).

On March 5, 2018, the parties filed a status report indicating that, with the assistance of mediator and former United States District Judge Layn R. Phillips, they had reached a settlement.  (Docket No. 192).

On April 16, 2018, Plaintiff filed the present Motion, seeking preliminary approval of the parties' settlement and certification of a settlement class pursuant to Rule 23(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 15-4912-MWF (PJWx) | **Date:**  May 11, 2018 |
| Title:        Sheena Raffin v. Medicredit, Inc., et al. | |

### B.    The Settlement

The proposed settlement agreement (the "Agreement") is attached to the Declaration of Todd Friedman ("Friedman Decl.") (Docket No. 195) as Exhibit A. The Agreement contains the following key class definition, monetary and injunctive relief, notice, and release provisions:

- "Settlement Class" is defined as: "All persons who received telephone calls from Medicredit between June 29, 2014 and February 26, 2015, while physically present in California and using a cellular device with a California area code, and who participated for the first time in a call with a Medicredit agent during that period."  (Agreement § 2.1).

- Medicredit will pay $5 million into a settlement fund, which money will be used to: provide notice to class members; issue settlement checks to eligible class members; create and maintain a settlement website; maintain a toll-free telephone number for class members and potential class members to call; pay up to a $15,000 service award to Plaintiff (without any opposition by Medicredit if the request is for $15,000 or less and subject to the Court's approval); pay Plaintiff's counsel up to $1,650,000 (33% of the settlement fund) in attorneys' fees and up to $250,000 in costs (without any opposition by Medicredit if the fee request is for 33% or less and the cost request is for $250,000 or less and subject to the Court's approval); and pay any remaining funds to a recipient selected by the Court.  (*Id.* §§ 4.1, 6, 7, 8.3, 15.6).

- Medicredit will add the following language to the training script that it uses for its call center agents: "Please be mindful of the importance of California Penal Code § 630 et seq., pursuant to which you should notify callers located in California that the call is being recorded as soon as you have complied with the FDCPA requirements of asking for the debtor and identifying yourself as a Medicredit employee.  This notification should be given within the first 30 seconds of the call."  (*Id.* § 4.5).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:        Sheena Raffin v. Medicredit, Inc., et al.

- Within 10 days of preliminary approval by the Court, Medicredit will
  generate a list of class members and send that list to the agreed upon
  claims administrator, Epiq Systems, Inc.  The claims administrator will
  mail each class member for whom it has current address information a
  double-sided postcard containing a summary description of the
  Agreement, identification of the claims administrator, and information
  regarding the settlement website, where more information can be found,
  and a claim form.  In order to be eligible to receive a settlement check,
  class members must submit completed claim forms to the claims
  administrator within 120 days of the Court preliminarily approving the
  Agreement.  In order to opt out, would-be class members must submit
  exclusion request forms to the claims administrator postmarked within
  130 days of the Court preliminarily approving the Agreement.  (*Id.* ¶¶ 9-
  11)

- All Settlement Class members who do not request exclusion will release
  all known and unknown claims against Medicredit arising out of the
  recording of phone calls by Medicredit to mobile phone numbers between
  June 29, 2014 and February 26, 2015.  (*Id.* ¶¶ 1.25-1.27, 16).

## II.   PRELIMINARY APPROVAL OF SETTLEMENT

     "Approval of a class action settlement requires a two-step process — a
preliminary approval followed by a later final approval."  *Spann v. J.C. Penney Corp.*,
314 F.R.D. 312, 319 (C.D. Cal. 2016).  The standard of review differs at each stage.
At the preliminary approval stage, the Court need only "evaluate the terms of the
settlement to determine whether they are within a range of possible judicial approval."
*Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009).

     "[P]reliminary approval of a settlement has both a procedural and a substantive
component."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal.
2007).  Procedurally, the Ninth Circuit emphasizes that the parties should have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

engaged in an adversarial process to arrive at the settlement.  *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested.") (citations omitted).  "A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery."  *Spann*, 314 F.R.D. at 324 (quoting *In re Heritage Bond Litig.*, 2005 WL 1594403, *9 (C.D. Cal. June 10, 2005)).

Substantively, the Court should look to "whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys."  *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008) (quoting *West v. Circle K Stores, Inc.*, No. 040438, 2006 WL 1652598, at *11 (E.D. Cal. June 13, 2006)).

A.    **Procedural Component**

Plaintiff's counsel has extensive experience litigating consumer class actions on behalf of plaintiffs, particularly in the area of the Telephone Consumer Protection Act.  (*See* Friedman Decl. ¶¶ 54-56).  Plaintiff's counsel has obtained approximately $75 million in settlement payments in approximately 30 class actions filed in California state and federal courts over the previous three years.  (*Id.* ¶ 59).

The Court is familiar with this action and is confident that it was vigorously litigated on both sides, as even a cursory review of the docket confirms.  The parties conducted full and extensive discovery over the course of this action.  (*See id.* ¶ 16).  The parties filed and opposed numerous dispositive and class-related motions.  Given the parties' vigorous and often contentious litigation of this case, the Court has no doubts that the settlement is "the product of an arms-length, non-collusive, negotiated resolution[.]"  *Rodriguez*, 563 F.3d at 965.

Additionally, the parties ultimately reached their settlement after submitting mediation briefs to and conducting a mediation session with former United States

CIVIL MINUTES—GENERAL                                                              6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

District Judge Layn Phillips, and then continuing their negotiations after that mediation
session.  (Friedman Decl. ¶¶ 17, 19).  The fact that the parties utilized an experienced
mediator to reach the settlement agreement supports the notion that it was the product
of arms-length negotiation.  *See Alberto*, 252 F.R.D. at 666–67 (noting the parties'
enlistment of "a prominent mediator with a specialty in [the subject of the litigation] to
assist the negotiation of their settlement agreement" as an indicator of non-
collusiveness) (citing *Parker v. Foster*, No. 05–0748, 2006 WL 2085152, at *1 (E.D.
Cal. July 26, 2006)); *Glass v. UBS Fin. Servs., Inc.*, No. 06–4068, 2007 WL 221862, at
*5 (N.D. Cal. Jan. 26, 2007)).

        In sum, the Court concludes that the proposed class is represented by
experienced counsel who engaged in meaningful discovery and motion practice while
pursuing arms-length settlement negotiations.  The procedural component of the
inquiry is met.

        **B.        Substantive Component**

        As discussed above, pursuant to Agreement, Medicredit has agreed to alter its
call center employee training script to heighten its employees' awareness of their
obligations under the IPA and to pay $5 million into a settlement fund.  Based upon
discovery Plaintiff received from Medicredit, there are approximately 11,000 potential
class members.  (Friedman Decl. ¶ 25).  As Plaintiff notes, if the Court were to
ultimately approve Plaintiff's counsel's 33% fee request, which it is unlikely to do (*see
infra*), after deduction of fees, costs, and administrative expenses there would be just
over $2.9 million left in the settlement fund to be distributed to class members.  As
Plaintiff notes, assuming there were $2.9 million in available funds and each of the
11,000 potential class members does not opt out and timely files a claim form, which is
extraordinarily unlikely, each class member would receive a check for approximately
$280.  If 6,000 potential class members do not opt out and timely file claim forms,
each of them would receive a check for approximately $514.  (Mot. at 6-7).

        These amounts, of course, are less than the potential $5,000 in statutory damages
each of the class members might receive if the class were to successfully litigate this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

action to a favorable judgment.  But when considered in light of the potential pitfalls
posed by Medicredit's summary judgment and decertification motions, and then (if
Plaintiff and the class survived those motions) by trial, somewhere in the neighborhood
of $400 or more per eligible class member is an entirely reasonable level of
compensation.  *See, e.g.*, *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523, 526 (C.D. Cal. 2004) (emphasizing the requirement that courts
"consider the vagaries of litigation and compare the significance of immediate
recovery by way of the compromise to the mere possibility of relief in the future, after
protracted and expensive litigation" and noting that "[i]t has been held proper to take
the bird in hand instead of a prospective flock in the bush") (quoting *Oppenlander v.
Standard Oil Co. (Indiana)*, 64 F.R.D. 597, 624 (D. Colo. 1974)).

        Additionally, there will likely be a slightly larger pot of money to be distributed
among class members than Plaintiff's counsel suggests, as the Court is unlikely to
approve a 33% attorneys' fee award and (less significantly) may not approve a $15,000
service award for Plaintiff.

        ***Attorneys' fees.***  In the Ninth Circuit, there are two primary methods to calculate
attorney's fees: the lodestar method and the percentage-of-recovery method.  *In re
Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) (citation
omitted).  "The lodestar method requires 'multiplying the number of hours the
prevailing party reasonably expended on the litigation (as supported by adequate
documentation) by a reasonable hourly rate for the region and for the experience of the
lawyer.'"  *Id.* (citation omitted).

        "Under the percentage-of-recovery method, the attorneys' fees equal some
percentage of the common settlement fund; in this circuit, the benchmark percentage is
25%."  *Id.* (citation omitted).  However, the "benchmark percentage should be
adjusted, or replaced by a lodestar calculation, when special circumstances indicate
that the percentage recovery would be either too small or too large in light of the hours
devoted to the case or other relevant factors."  *Six Mexican Workers v. Ariz. Citrus
Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).  "The Ninth Circuit has identified a
number of factors that may be relevant in determining if the award is reasonable: (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 15-4912-MWF (PJWx)                **Date:**  May 11, 2018
**Title:**       Sheena Raffin v. Medicredit, Inc., et al.

the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases." *Martin v. Ameripride Services, Inc.*, No. 08cv440–MMA (JMA), 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, at 1048–50 (9th Cir. 2002)).  The choice of "the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

As noted above, Plaintiff's counsel indicates that it plans to apply for a fee award of $1,650,000, which represents 33% of the $5 million total settlement fund. (Mot. at 9).  The Agreement does not provide that Plaintiff's counsel will receive a $1,650,000 fee award; it simply provides that Medicredit will not object to a fee motion that seeks 33% or less, and also provides that the Agreement "is not conditioned on the Court's approval of any attorneys' fees and costs sought by Class Counsel." (Agreement ¶ 6).

Plaintiff's counsel "believe[s] the excellent results of this Settlement warrant attorney's fees in this amount, as well as the countless hours and risk [his] law firm undertook in litigating this matter for approximately three years." (Friedman Decl. ¶ 40).  While the Court may entertain some upward departure from the presumptively reasonable 25%, it will require detailed billing records substantiating those "countless hours" Plaintiff's counsel contends his firm spent on this case and is unlikely to award Plaintiff's counsel a 33% award.  The Court need not resolve that issue now to determine that the proposed settlement is substantively fair and reasonable.

***Service award.***  Similar to the attorneys' fee/cost provision, the Agreement provides that Plaintiff's counsel may file a motion seeking a service award for Plaintiff up to $15,000 and that Medicredit will not object to such a motion provided that the amount does not exceed $15,000. (Agreement ¶ 7).  As with the fee/cost provision, the service award provision states that "Court approval of any Service Award will not be a condition of the Settlement." (*Id.*).

To evaluate the fairness of an individual service award, courts compare the value of the individual award with the average award available to the typical class member,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

weighing also the quality of plaintiff's representative service.  *See Alberto v. GMRI,
Inc.*, 252 F.R.D. 652, 670 (E.D. Cal. 2008).  Courts have found that a disparity of
$5,000 to $24.17 and $2,000 to $23 to be disproportionately large.  *See id.*; *Ybarrondo
v. NCO Fin. Sys., Inc.*, No. 05–2057, 2008 WL 183714, at *3 (S.D.Cal. Jan. 18, 2008);
*but see Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving an incentive
payment of 0.17% of total settlement to the named plaintiff because he had "spent
hundreds of hours with his attorneys and provided them with an abundance of
information").

Plaintiff should keep these criteria in mind when ultimately moving for a service
award and understand that the Court will not simply rubber stamp a $15,000 service
award request.

Putting the issues of attorneys' fees and the service award to one side for the
time being (as the settlement is not conditioned on the Court's approval and class
counsel and Plaintiff will have the opportunity to more fulsomely justify those requests
in connection with a motion for final approval), the Court finds the Agreement to be
both procedurally and substantively fair.  The Motion is therefore **GRANTED** insofar
as the Agreement is preliminarily **APPROVED**.

## III.   **CLASS CERTIFICATION**

Plaintiff seeks certification of a class for settlement purposes only pursuant to
Federal Rule of Civil Procedure 23(b)(3).  A court may certify a class for settlement
purposes only.  *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th
Cir. 2015).  In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme
Court explained the differences between approving a class for settlement and for
litigation purposes:

Confronted with a request for settlement-only class certification, a district
court need not inquire whether the case, if tried, would present intractable
management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the
proposal is that there be no trial. But other specifications of the Rule —
those designed to protect absentees by blocking unwarranted or overbroad

CIVIL MINUTES—GENERAL                                                    10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

> class definitions — demand undiluted, even heightened, attention in the
> settlement context. Such attention is of vital importance, for a court asked
> to certify a settlement class will lack the opportunity, present when a case
> is litigated, to adjust the class, informed by the proceedings as they
> unfold.

*Id.* at 620.

As discussed above, the proposed Settlement Class is defined in the Agreement
as:

> All persons who received telephone calls from Medicredit
> between June 29, 2014 and February 26, 2015, while
> physically present in California and using a cellular device
> with a California area code, and who participated for the first
> time in a call with a Medicredit agent during that period.

(Agreement § 2.1).

Federal Rule of Civil Procedure 23(a) requires the putative class to meet four
threshold requirements:  numerosity, commonality, typicality, and adequacy of
representation.  *Id.*; *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir.
2013).  In addition, the proposed class must satisfy Rule 23(b)(3), which requires that
"questions of law or fact common to class members predominate over any questions
affecting only individual members, and that a class action is superior to other available
methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P.
23(b)(3).  Considering these requirements, the Court concludes that class certification
is appropriate.

A.   **Numerosity**

Under Rule 23(a)(1), a class must be "so numerous that joinder of all members
is impracticable . . . ."  *Id.*  As noted above, the Settlement Class consists of

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

approximately 11,000 people.  (Friedman Decl. ¶ 25).  This is more than enough to
satisfy Rule 23(a)(1)'s numerosity requirement.

**B.    Commonality**

Rule 23(a)(2) requires that the case present "questions of law or fact common to
the class."  *Id.*  The Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564
U.S. 338 (2011), clarified that to demonstrate commonality, the putative class must
show that their claims "depend upon a common contention . . . that it is capable of
classwide resolution — which means that determination of its truth or falsity will
resolve an issue that is central to the validity of each one of the claims in one stroke."
*Id.* at 350.  That requirement is met here, as (if this case were to proceed to trial) each
member of the Settlement Class would seek resolution of the same legal and factual
issues: whether Medicredit called them on their cellular phones regarding the
collection of debts and recorded the conversations without promptly notifying them
that the calls were being recorded, and whether this activity violates the IPA.

**C.    Typicality**

Rule 23(a)(3) requires the putative class to show that "the claims or defenses of
the representative parties are typical of the claims or defenses of the class."  *Id.*  The
claims of the representative parties need not be identical to those of the other putative
class members; "[i]t is enough if their situations share a 'common issue of law or fact,'
and are 'sufficiently parallel to insure a vigorous and full presentation of all claims for
relief.'"  *California Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171,
1175 (9th Cir. 1990) (internal citations omitted).  Here, the named Plaintiff's IPA
claims are premised on exactly the same practice as those of the absent Settlement
Classs members: Medicredit's alleged practice of calling California consumers on their
cell phones to discuss collection of debts, recording those phone calls, and failing to
timely disclose the fact of the recording.  The typicality requirement is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:      Sheena Raffin v. Medicredit, Inc., et al.

### D.    Adequacy

Finally, Rule 23(a)(4) requires the representative parties to "fairly and adequately protect the interests of the class."  *Id.*  "In making this determination, courts must consider two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'"  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).  Additionally, "the honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims."  *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (quoting *Searcy v. eFunds Corp.*, 2010 WL 1337684, at *4 (N.D. Ill. Mar. 31, 2010)).

As to the first prong, the Court perceives no obvious conflicts between Plaintiff and her counsel on the one hand and the absent Settlement Class members on the other. As to the second prong, as discussed above, Plaintiff and her counsel have vigorously prosecuted this action, Plaintiff's counsel has substantial experience pursuing consumer class action litigation, and there is no reason to believe that Plaintiff and her counsel would not vigorously pursue this action on behalf of the Settlement Class.  The adequacy requirement is satisfied.

The requirements imposed by Rule 23(a) are thus satisfied.  The Court next considers whether the additional requirements of Rule 23(b)(3) are met.

### E.    Predominance

"The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones."  *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).  That is, "an individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

susceptible to generalized, class-wide proof." *Id.* (quoting *Tyson Foods v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)).

Here, the Settlement Agreement provides for injunctive relief and a set amount of money to be placed in a settlement fund and distributed to eligible class members on a pro rata basis based simply upon their receipt of a call from Medicredit on their cellular phones during the Class Period.  Because the focus is on a common question of Medicredit's conduct, and Plaintiffs need not prove individualized actual damages, the predominance requirement is easily met.

## F.    **Superiority**

Rule 23(b)(3)'s superiority requirement is also met.  Rule 23(b)(3) sets out four factors that together indicate that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy":

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  "The purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1779 at 174 (3d ed. 2005)).

When deciding whether or not to certify a settlement class, the fourth superiority factor need not be considered.  *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems…..").  The three relevant factors favor certifying the proposed settlement class:

---

**CIVIL MINUTES—GENERAL**                                                        14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

*First*, individual Settlement Class members would likely have little interest in prosecuting separate actions.  Each putative class member's claim is likely too small to justify the cost or risk of litigation, considering that each class member could likely recover a maximum of $5,000 in statutory damages under the IPA by pursuing his or her own lawsuit.  Thus, a class action is a more efficient means for each individual class member to pursue his or her claims.  *See Wolin*, 617 F.3d at 1175 ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification.").  Moreover, because the claims of all putative class members are virtually identical, there is no reason that any given class member should need to pursue his or her claims individually.  *See Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 240 (C.D. Cal. 2003) ("Here, no one member of the Class has an interest in controlling the prosecution of the action because the claims of all members of the Class are virtually identical.").

*Second*, there does not appear to be any other litigation currently or previously pending concerning similar claims to those at issue in this action.

*Third*, Plaintiff, as resident of this District, has alleged an essentially uniform debt-collection calling practice directed at individuals with California cell phone numbers as the basis for Medicredit's liability under the IPA, and therefore this is a proper forum for resolution of the action.  *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 495 (C.D. Cal. 2006) ("[B]ecause plaintiffs have alleged an overarching fraudulent scheme and include a California sub-class, it is desirable to consolidate the claims in this forum.").

Accordingly, for the foregoing reasons, the Motion is **GRANTED** insofar as the proposed class is **CERTIFIED** for purposes of settlement.

## IV.   NOTICE AND SETTLEMENT ADMINISTRATION

After the Court certifies a class under Rule 23(b)(3), it must direct to class members the best notice practicable under the circumstances.  Fed. R. Civ. P. 23(c)(2)(B).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:      Sheena Raffin v. Medicredit, Inc., et al.

The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance though an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*  Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust*, 339 U.S. 306, 314 (1950).

The Agreement sets forth a fairly detailed notice and opt-out regime involving, in short, the claims administrator, Epiq Systems, Inc., mailing postcard notices to all Settlement Class members for whom Epiq has (or is able to locate) address information.  The postcards will, in plain language, summarize the nature of this action and inform recipients who qualifies for class membership, how to submit a claim form, and how to opt out, and will also direct recipients to a settlement website where they can obtain additional information.  (*See* Agreement ¶ 9, Ex. A).

The Court has reviewed the contemplated notice regime and the form and substance of the proposed notice, and concludes that the proposed class notice satisfies the requirements set forth in Rule 23(c)(2)(B).

The proposed notice and plan of dissemination are thus **APPROVED**.

V.    **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED** insofar as the proposed settlement agreement is preliminarily **APPROVED**; the class is provisionally **CERTIFIED** for purposes of settlement only; and the notice and plan of dissemination are **APPROVED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 15-4912-MWF (PJWx)        **Date:** May 11, 2018
Title:      Sheena Raffin v. Medicredit, Inc., et al.

      The Proposed Order Preliminarily Approving Class Action Settlement and Certifying Settlement Class (Docket No. 194-3) is adopted and incorporated into this Order, as Exhibit A.

      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on **November 12, 2018** at **10:00 a.m.** in Courtroom 5A, United States District Court, 350 West First Street, Los Angeles, California 90012.

      IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:      Sheena Raffin v. Medicredit, Inc., et al.

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-4912-MWF (PJWx)                Date:  May 11, 2018**
**Title:        Sheena Raffin v. Medicredit, Inc., et al.**

## ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

1.      The Court has reviewed the terms of the Parties' Settlement Agreement and Release (the "Settlement") and preliminarily finds that the Settlement appears sufficiently fair, reasonable, and adequate to warrant dissemination of class notice of the proposed settlement and scheduling a formal fairness hearing.  The Court finds that the Settlement contains no obvious deficiencies and that the Parties entered into the settlement in good faith, following arm's length negotiations between their respective counsel.  The Court adopts the definitions set forth in the Settlement and all defined words or phrases used in this Order shall have the same meaning as in the Settlement.

2.      The Court certifies the following class for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> *"All persons who received telephone calls from Medicredit between June 29, 2014 and February 26, 2015, while physically present in California and using a cellular device with a California area code, and who participated for the first time in a call with a Medicredit agent during that period."*

Membership in the Settlement Class consists exclusively of individuals included on the list to be provided by Defendants to the Settlement Administrator, as set forth in the Agreement.

Excluded from the Settlement Class is Defendants and their subsidiaries and affiliates, employees, officers, directors, agents and representatives and its family members; Class Counsel; all judicial officers who have presided over the Lawsuit;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:        Sheena Raffin v. Medicredit, Inc., et al.

and all persons who timely elect to become Opt-Outs from the Settlement Class
in accordance with this Order.

　　　3.　　The Court finds that, for the purpose of settlement only, the requirements
of Rule 23 of the Federal Rules of Civil Procedure are met by the class.  Joinder of all
class members in a single proceeding would be impracticable, if not impossible, because
of their numbers and dispersion.   Common issues exist among class members and
predominate over questions affecting individual class members.  Plaintiff's claims are
typical of those of the Settlement Class Members.  Plaintiff and her counsel will fairly
and adequately protect the interests of the Settlement Class.  Plaintiff has no interest
antagonistic to those of the Settlement Class and has retained counsel experienced and
competent to prosecute this matter on behalf of the class.  Finally, a class settlement is
superior to other available methods for a fair resolution of the controversy.

　　　4.　　For purposes of settlement, the Court appoints Named Plaintiff Sheena
Raffin to serve as class representative.  Further, pursuant to Rule 23(g)(1) of the Federal
Rules of Civil Procedure, the Court appoints Todd M. Friedman and Adrian R. Bacon
of The Law Office of Todd M. Friedman, P.C. to serve as Class Counsel.

　　　5.　　Pursuant to Rule 23(c)(2)(B) and Rule 23(e) of the Federal Rules of Civil
Procedure, the Court orders that the Settlement Class be given notice of the pendency of
this action and the Parties' proposed Settlement.  The Court finds that the Class Notice
dissemination procedure set forth in Section 9 of the Settlement (i) is the best practicable
notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class
Members of the pendency of the Lawsuit and of their right to object or to exclude
themselves from the proposed Settlement; (iii) is reasonable and constitutes due,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                    Date:  May 11, 2018
Title:       Sheena Raffin v. Medicredit, Inc., et al.

adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements as set forth by law.  Thus, the Court adopts and incorporates the Class Notice dissemination procedures set forth in Section 9 of the Settlement into this Order.

6.       The Court approves the Class Notice, Long Form Class Notice, Publication Notice and Opt-Out Form, which are attached as Exhibits A, B, and C to the Agreement. The Court also approves the creation of a Settlement Website by the Settlement Administrator.

7.       The Court appoints Epiq Systems, Inc. as Claims Administrator to disseminate notice to the Settlement Class and administer the settlement.  The Court orders Epiq Systems, Inc. to: (i) create the Settlement Website; (ii) complete dissemination of the Class Notice to the Settlement Class by 30 days after preliminary approval; (iii) file proof of the dissemination of the Class Notice to the Settlement Class at least fourteen (14) days before the Final Approval Hearing; (iv) establish a post office box in Epiq Systems, Inc.'s name to be used for receiving opt-out requests, objections, notices of intention to appear, and any other communications from Settlement Class Members; (v) promptly furnish Class Counsel, Defense Counsel, and Defendants with copies of any and all opt-out requests, objections, notices of intention to appear, or other communications from Settlement Class Members that come into its possession; and (vi) provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) days after the opt-out period and file a declaration with the Court at least fourteen (14) days before the Final Approval Hearing attesting to the completeness and accuracy thereof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 15-4912-MWF (PJWx)                **Date:  May 11, 2018**
**Title:**      Sheena Raffin v. Medicredit, Inc., et al.

8.      The Court orders the Settlement Administrator to provide a list of objectors to Class Counsel and Defense Counsel no later than seven (7) days after the completion of the period in which Settlement Class Members may object to the settlement, and then file a declaration with the Court at least fourteen (14) days before the Final Approval Hearing attesting to the completeness and accuracy thereof and attaching a copy of all objections received.

9.      The Court sets a Final Approval Hearing on November 12, 2018 at 10:00 a.m. in Courtroom 5A, United States District Court, 350 West First Street, Los Angeles, California 90012 to consider the fairness, reasonableness, and adequacy of the proposed Settlement and determine whether it should finally be approved by the Court.  At that time, the Court will hear any applications for attorneys' fees, expenses, and/or service awards.

10.      The Court sets September 17, 2018 as the deadline for filing the final approval motion and the application for the Attorneys' Fee Award.

11.      The Court sets October 8, 2018 as the deadline by which Settlement Class Members must submit any: (i) request for exclusion from the Settlement Class; or (ii) objection to the Settlement or to the Attorneys' Fee Award.  The procedures and requirements for opting out of the Settlement Class or objecting to the Settlement or to the Attorneys' Fee Award are set forth below.

12.      The Court sets October 22, 2018 as the deadline for filing any reply memorandum in further support of final approval of the proposed Settlement or the Attorneys' Fee Award application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                Date:  May 11, 2018
Title:        Sheena Raffin v. Medicredit, Inc., et al.

13.    The Court orders that any Settlement Class Member who wishes to exclude him/herself from the Settlement Class may either submit an online Opt-Out Form electronically through the Settlement Website or print and mail the online form to the Settlement Administrator.  Any Settlement Class Member who does not submit a timely written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

14.    The Court orders that any Settlement Class Member who becomes an Opt-Out may rejoin the Settlement Class by providing written notice to the Settlement Administrator no later than fourteen (14) days before the Final Approval Hearing.

15.    The Court orders that any Settlement Class Member who does not exclude him/herself from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or to the Attorneys' Fee Award must serve on the Settlement Administrator no later than October 8, 2018 a statement of the objections signed by the Settlement Class Member.  The objection shall contain all of the following information: (i) the objector's full name, address, email, and mobile telephone number at which he or she was called by Medicredit; (ii) a written statement of all grounds for the objections accompanied by any legal support for such objections; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a written statement as to whether the objector intends to appear at the Final Approval Hearing; (v) a declaration setting forth any other objections submitted by the objector, or the objector's counsel, to any class action settlement submitted in any court, whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15-4912-MWF (PJWx)                          Date:  May 11, 2018
Title:        Sheena Raffin v. Medicredit, Inc., et al.

state, federal or otherwise, in the United States; and (vi) if the objector intends to appear at the Final Approval Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing. Any Settlement Class Member who does not submit a timely written objection in accordance with the procedures stated herein shall be foreclosed from seeking any adjudication or review of this settlement by appeal or otherwise.

16.     The Court orders that any Settlement Class Member, who submits a written objection and who intends to make an appearance at the Final Approval Hearing, provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and file with the Clerk of the Court the written objection as well as a notice of intention to appear at the Final Approval Hearing no later than thirty (30) days before the Final Approval Hearing.

17.     The Court orders that any attorney hired by a Settlement Class Member will be at the Settlement Class Member's sole expense for the purpose of objecting to this Settlement or to the Attorneys' Fee Award and such attorney shall provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and file with the Clerk of the Court the written objection by the deadline specified in paragraph 15 above as well as file a notice of intention to appear at the Final Approval Hearing no later than thirty (30) days before the Final Approval Hearing.

18.     The Court orders that (i) the submission of an objection allows Class Counsel or Defendants' Counsel to notice the deposition of the objector consistent with the Federal Rules of Civil Procedure at an agreed-upon location and to seek any documentary evidence or tangible items that are relevant to the objection; (ii) the failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 15-4912-MWF (PJWx)                  Date:  May 11, 2018**
Title:       Sheena Raffin v. Medicredit, Inc., et al.

by an objector to make himself or herself available for deposition or to comply with
expedited discovery requests may result in the Court striking the objector's objection
and denying that person the opportunity to make an objection or to be heard; and (iii)
the Court may tax the costs of any such discovery to the objector or the objector's
counsel should the Court determine that the objection is frivolous and/or made for an
improper purpose.  The Court preliminarily enjoins all Settlement Class Members unless
and until they have timely excluded themselves from the Settlement Class from: (i)
filing, commencing, prosecuting, intervening in, promoting or participating (as class
members or otherwise in) as any jurisdiction or  or arising out of the claims and causes
of action, or the facts and circumstances relating thereto, in this Action; or (ii) organizing
Settlement Class Members who have not been excluded from the Settlement Class into
a separate class for purposes of pursuing as a purported class action any lawsuit
(including by seeking to amend a pending complaint to include class allegations, or
seeking class certification in a pending action) based on or relating to the claims and
causes of action, or the facts and circumstances relating thereto, in this Action.


**IT IS SO ORDERED.**